# Clark v. Clark's Administrator et al.

(Decided March 16, 1934.)

FRANK J. RICHTER and COLLINS & COLLINS for appellant.

WARE & WARE for appellees.

OPINION OF THE COURT BY JUDGE DIETZMAN—Affirming in part and reversing in part.

John Clark, a man of color, died intestate a resident of the city of Covington on March 19, 1931, leaving surviving him as his only heirs and distributees at law his widow, Anna Marie Clark, appellee herein, and a brother, Henry Clark, appellant herein. The appellee C. E. Jones, a leading colored undertaker of the city of Covington, was thereafter appointed administrator of the deceased's estate. When John Clark died, his widow called Henry Clark, who was then living in Mason county, over the phone, and in response to her call, Henry Clark went to Covington to attend to the burial of his brother. At that time, Henry Clark was the beneficiary of an insurance policy which his brother had taken out as an employee of the Louisville & Nashville Railroad Company, under a group insurance plan. The amount of this policy was $2,000, which Henry Clark later collected. When Henry Clark arrived at the home of his brother, he was informed by Anna Clark, the widow, that she had no money, a statement which was in fact true, and thereupon Henry Clark, after a conference with the undertaker, agreed to pay the funeral

bill and also a small doctor's bill amounting to $12. It is the contention of the appellees that he did this after a discussion about the insurance policy and of his right to the proceeds, and that he agreed to pay these bills out of the insurance money, retaining the balance. Henry Clark denies that anything was said about the insurance policy at the time, but admits that he agreed to pay the undertaker and the doctor's bill. Indeed, he thereafter did pay the undertaker and the doctor's bill after he had collected the insurance. After the funeral of John Clark, it was discovered that he had a savings account in a bank amounting to $1,223, and money on deposit in a building and loan association amounting to $414. This money was collected by the administrator, and after the cost of administration and a few debts had been paid and $750 set aside to the widow, the rest of the money was equally divided between her and the brother. The administrator thereupon filed his settlement with the county court. The appellant filed exceptions to the settlement on the ground that the administrator had failed to account for some furniture owned by the deceased at the time of his death and for $125 which the deceased had on him at the time of his death and which had been taken possession of by the widow. The appellant also sought to compel the administrator to repay him the funeral bill and doctor's bill which he had paid. These exceptions were overruled, and the appellant thereupon prosecuted an appeal to the circuit court. In the meantime, he had brought an action in the circuit court against the widow and the administrator, looking to like relief as that sought by his exceptions to the administrator's settlement. On the motion of the appellant, this action and the appeal from the county court were consolidated. After the parties had introduced their evidence and the case had been submitted, the court dismissed the petition of the appellant. This judgment, of course, carried with it the overruling of the exceptions to the administrator's report of settlement. From that judgment this appeal is prosecuted.

So far as the payment of the funeral bill and doctor's bill is concerned, the evidence is overwhelmingly to the effect that this payment was voluntarily made by the appellant, motivated perhaps by the fear of a possible contest over his right to the proceeds of the insurance policy. But whatever motive actuated the

appellant, the payment was made by him without any expectation or promise of repayment and as a mere volunteer, which being true, he is of course not entitled to recover therefor. Salyers v. Golden, 214 Ky. 224, 282 S. W. 1101. The claim made by him that he was defrauded into paying these bills is flimsy. At the best, he made out only that the widow said she had no money wherewith to pay the doctor's bill or funeral bill, and that was true. She had and has no money except what she later received as her distributable share from her husband's estate. The evidence is very clear that no other representations were made to appellant and that he paid these bills as a volunteer. So far as the furniture is concerned, it was established that the furniture in the house at the time of the decedent's death was owned by the widow. There may perhaps have been one or two articles of very trivial value which belonged to the decedent, but the evidence is too meager to sustain a finding that anything of value by way of furniture was omitted from the administrator's settlement.

As to the money claimed to have been taken from the decedent at the time of his death, a different question is presented. The evidence is clear that at least $100 was found upon the decedent at the time of his death, which the widow took possession of. There is a faint claim made by her that this $100, a part of a larger sum, had been given her by the deceased in his lifetime for the purpose of paying living expenses of the home. But even so, it was given to her only for that purpose and what remained at his death was his. The widow does not deny taking the money that was on the decedent at the time of his death. She says that she does not remember how much it was, but a neighbor who helped her wash the body of the deceased says that it was at least as much as $100. The court should have sustained the exceptions to the report of the administrator to the extent of this $100 and compelled the widow to account for that money as part of the decedent's estate.

The judgment is affirmed in so far as it dismissed the petition and overruled exceptions to the report of settlement as to all items except the $100 item, and as to that, it is reversed, with instructions to sustain that exception and require the widow to account to the ad-

ministrator for that sum; he to make settlement accordingly. It is so ordered.